UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BULMARO ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 CV 1390 |
| | ) | Hon. Marvin E. Aspen |
| THOMAS DART, Sheriff of Cook County, | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Bulmaro Esparza ("Esparza") filed this action pursuant to 42 U.S.C. § 1983 against Defendants Thomas Dart, the Sherriff of Cook County, ("Dart") and Cook County, Illinois ("Cook County"). Presently before us is Defendants' motion to dismiss Esparza's entire complaint pursuant to Federal Rule of Civil Procedure 12(b). For the reasons stated below, Defendants' motion is denied.

## BACKGROUND

Esparza's claims stem from injuries that he incurred while at the Cook County Department of Corrections ("CCDOC") as a pretrial detainee from February 2010 through July 2012. (Compl. ¶¶ 1, 2.)[1] In his complaint, Esparza alleges that on November 11, 2010 he

---

[1] Esparza asks us to adopt the amended complaint attached to his response brief. (Resp. at 3.) This amended complaint corrects a typographical error in the original complaint and clarifies Esparza's claim against Cook County. (*Id.*) Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend his pleading as a matter of course within twenty-one days after service of a responsive pleading or a Rule 12(b) motion, whichever is earlier. Since Defendants have not filed a responsive pleading and Esparza filed his amended complaint within twenty-one days after Defendants filed the instant Rule 12(b) motion, we will adopt Esparza's Amended Complaint as operative. (Dkt. 13, Resp., Ex. 1.)

1

suffered serious physical injuries while a detainee at Cook County Jail, including a fracture to his right hand. (*Id.* ¶ 5.) He further alleges that he "made numerous unsuccessful written requests for medical care to his injured hand," and that "[a]s part of a widespread practice at the Cook County Jail, [he] did not receive treatment to set the fracture in his hand, which is now permanently deformed." (*Id.* ¶¶ 6–7.)

On October 2, 2012, Esparza filed a *pro se* § 1983 lawsuit regarding these injuries, naming various employees of CCDOC as defendants, and on November 27, 2012 he added Dart as a defendant. (Dkts. 1 & 5, Esparza v. Dart et al., No. 12 C 7909.) After Esparza secured counsel, we granted his voluntary motion to dismiss with leave to refile. (Dkt. 16, Esparza v. Dart et al., No. 12 C 7909.) On February 28, 2014, Esparza refiled his case naming Dart and Cook County as defendants. In that complaint, Esparza stated that "Defendant Cook County, Illinois is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003) and may be liable for the policies alleged herein." (Dkt. 1, Original Compl. ¶ 4.)

Defendants move to dismiss pursuant to Rule 12(b)(6), alleging that: (1) Esparza's allegations against Cook County are time barred; (2) Esparza failed to allege sufficient facts to sustain a § 1983 claim against Cook County; and (3) Esparza is unlikely to prevail in his claim of deliberate indifference against Dart. In his response, Esparza clarified that he is not asserting substantive § 1983 claims against Cook County; rather, he simply seeks indemnification for any official capacity judgments entered against Dart. (Resp. at 3.) For that reason, we will not address Defendants' second argument. We consider the other two arguments in turn.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

## DISCUSSION

### I. Indemnification Claim Against Cook County

Defendants argue that Esparza's claim against Cook County is time barred because he did not name Cook County as a defendant until after the statute of limitations for § 1983 claims expired. (Mot. at 3–4; Reply at 1.) "[A] statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), [but] when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir.

3

2011); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("[A] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . .").

Defendants' statute of limitations argument fails for two distinct reasons. First, Defendants' urge us to apply the wrong statute of limitations. When we apply the proper limitations period—that for indemnification claims, not § 1983 claims—Esparza's claim against Cook County is clearly not time barred. Second, even if we apply the § 1983 statute of limitations as Defendants propose, we find that Esparza's claim against Cook County relates back to his timely-filed complaint against Dart, and thus it should not be dismissed.

A. <u>Statute of Limitations for Indemnification</u>

In arguing that Esparza's claim against Cook County is time barred, Defendants apply the wrong statute of limitations. Defendants assert that Esparza's claim is precluded by the two-year statute of limitations for substantive § 1983 claims. (Mot. at 3–4.) Esparza is not, however, pursuing substantive § 1983 claims against Cook County. Rather, Esparza made clear in his response that he added Cook County to this law suit only to indemnify any judgments entered against Dart. (Resp. at 3.)

Cook County's obligation to indemnify Dart for actions taken in his official capacity stems from 745 ILCS 10/9-102, which provides that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable . . . ."[2] *See Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497, 516, 787 N.E.2d 127, 138 (Ill. 2003). Claims for statutory indemnification under § 9-102 are subject to a one-year statute of limitations pursuant to 745 ILCS 10/8-101. This includes indemnification for § 1983 official capacity judgments. *See*

---

[2] Despite the fact that Defendants insist the claims against Cook County are time barred, (Reply at 1), they seem to concede that Cook County must indemnify Dart, (Mot. at 6).

*Williams v. City of Chi.*, 11 C 1105, 2014 WL 3787422, at *6 (N.D. Ill. July 30, 2014) (applying § 8-101 to an indemnity claim against the city for § 1983 judgments against city employees); *Nixon v. Lake Cnty. Metro. Enforcement Grp. Agents*, 10 C 1382, 2012 WL 74755, at *2 (N.D. Ill. Jan. 10, 2012) (same); *Loza v. City of Chi.*, 9 C 2474, 2009 WL 3125542, at *1 (N.D. Ill. Sept. 25, 2009) (same). Therefore, we find that the § 8-101 statute of limitations applies Esparza's indemnification claim, not the § 1983 period.

Importantly, the statute of limitations on indemnity claims under § 8-101 does not begin to accrue until judgment is entered against the employee. *Williams*, 2014 WL 3787422, at *6; *Nixon*, 2012 WL 74755, at *2; *Am. Safety Cas. Ins. Co. v. City of Waukegan*, 776 F. Supp. 2d 670, 709 (N.D. Ill. 2011); *Loza*, 2009 WL 3125542 at *1; *see Wilson v. City of Chi.*, 120 F.3d 681, 685 (7th Cir. 1997) (finding a plaintiff does not need to wait until he wins a judgment against the city before bringing a § 9–102 claim). Thus, plaintiffs who succeed on § 1983 official capacity claims have up to one-year *after* judgment is entered to file a claim for indemnification against the local public entity.[3] Since Esparza's substantive claims against Dart are still pending, the statute of limitations on his indemnification claim against Cook County has not even started to run. Accordingly, Esparza's claim against Cook County is not timed barred.

B. Statute of Limitations for § 1983

Even if we apply the § 1983 statute of limitations, we find that Esparza's claim against Cook County relates back to his original complaint against Dart, and thus it is still timely. Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *Draper*

---

[3] Even though a cause of action for indemnification does not accrue until after judgment is entered, it is well established in this circuit that a plaintiff can bring an indemnification claim parallel with the underlying claim. *Wilson*, 120 F.3d at 685; *Williams*, 2014 WL 3787422, at *6 ("Since *Wilson*, courts in this district routinely have allowed plaintiffs to file Section 9–102 indemnity claims prior to the finding of municipal liability."). Thus, Esparza's claim against Cook County is also not premature.

5

*v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011); *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). Additionally, Illinois tolling rule 735 ILCS 5/13-217 allows a plaintiff who voluntarily dismisses a § 1983 case to refile within one year of dismissal without violating statute of limitation restrictions.[4] Defendants are correct that Esparza did not name Cook County as a defendant until after the expiration of the two-year § 1983 statute of limitations. Esparza's cause of action accrued sometime around November 2010,[5] but he did not name Cook County as a defendant until he re-filed the case on February 26, 2014.

Nonetheless, a plaintiff may name a new defendant after the expiration of the statute of limitations if the new defendant "relates back" to the original timely-filed complaint. Fed. R. Civ. P. 15(c). Federal Rule of Civil Procedure 15(c)(1)(C)(ii) provides that an amended pleading that adds a party relates back if "the party to be brought in by amendment . . . knew or should have known [within 120 days after the timely complaint was filed] that the action would have been brought against it, but for a mistake concerning the proper party's identity."[6] In *Krupski v.*

---

[4] Although Defendants originally argued that the § 1983 claims against Dart were also time barred, Defendants now concede that those claims are timely in light of Illinois' equitable tolling rules. (*See* Reply at 1; Resp. at 2–3.)

[5] "A § 1983 claim accrues 'when the plaintiff knows or should know that his or her constitutional rights have been violated.' This inquiry proceeds in two steps. First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993)). Esparza claims that he injured his hand on November 11, 2010, and that thereafter he made numerous unsuccessful requests for medical care. (Compl. ¶¶ 5–6.) Esparza does not state when he submitted these requests, but Defendants suggest that they were also filed in November 2010 and Esparza did not reply otherwise. (Mot. at 4.) Thus, we will assume that Esparza filed his requests for medical care in November 2010, and we find that he should have known his constitutional rights were violated at that time.

[6] In addition, Rule 15(1)(C) requires that the amendment clearly "asserts a claim or defense that arose out of the conduct . . . set out in the original pleading." This requirement is easily met here since the amendment sues Cook County as indemnitee for the same actions alleged against Dart in the timely-filed complaint. *See* Fed. R. Civ. P. 15(c)(1)(B–C).

*Costa Crociere S. p. A.*, the Supreme Court held that the relation back inquiry focuses on the defendant's knowledge, not the plaintiff's—reversing precedent from this circuit and others. 560 U.S. 538, 548, 130 S. Ct. 2485, 2493 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint."); *see Solivan v. Dart*, 897 F. Supp. 2d 694, 701 (N.D. Ill. 2012).

The Seventh Circuit has instructed that, after *Krupski*, the district court is only permitted to make two inquiries when deciding whether relation back applies to the addition of a new party. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559 (7th Cir. 2011). First, whether the new defendant "knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant." *Id.* at 559–60. And second, whether "the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Id.* at 560. Carelessness on the part of the plaintiff in not discovering the proper defendant sooner "is no longer a ground independent of prejudice for refusing to allow relation back." *Id.*; *see Goldsmith v. Correct Care Solutions*, 12 C 3738, 2014 WL 3377058, at *3 (N.D. Ill. July 10, 2014) ("In short, examining whether the plaintiff's failure to sue the belatedly-named defendant earlier was a mistake is the wrong focus.").

In *Krupski*, the plaintiff sought compensation for injuries that she suffered on a cruise ship. In her original complaint the plaintiff sued Costa Cruise, which was the sales and marketing agent for the actual cruise ship operator Costa Crociere. After the expiration of the statute of limitations, the plaintiff amended her complaint to substitute Costa Crociere for Costa Cruise. The Court of Appeals found that the plaintiff had made a deliberate choice to not sue Costa Crociere, instead of a mistake under Rule 15(c)(1), because its identity was clearly known

7

to her when she filed the original complaint. *Krupski*, 560 U.S. at 548, 130 S. Ct. at 2493. Reversing that finding, the Supreme Court held that a plaintiff's knowledge of a party's existence "does not preclude her from making a mistake with respect to that party's identity." *Id.* at 549, S. Ct. 2494. The Court explained that "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on the misimpression." *Id.* It then found that even though the plaintiff might have known that Costa Crociere was the ship carrier, that knowledge did not foreclose the possibility that she misunderstood the two companies' identities and relationship to one another. *Id.* at 554–56, 130 S. Ct. at 2497–98. Ultimately, the Court ruled that the relation back requirements were satisfied because "Costa Crociere should have known that [the plaintiff's] failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity." *Id.* at 557, 130 S. Ct. at 2498; *see also Brown v. SportsArt Am., Inc.*, 10 C 6818, 2012 WL 5304157, at *4 (N.D. Ill. Oct. 25, 2012) (finding that a subsidiary knew or should have known that the plaintiff intended to sue it, rather than the parent, because the companies shared "an identity of interests" and were "closely connected entities"); *Mitter v. Cnty. of DuPage*, 13 C 841, 2013 WL 5951810, at *5 (N.D. Ill. Nov. 7, 2013) (finding the sheriff's office should have known that its omission from the original complaint was inadvertent where the original complaint named the county).

As in *Krupski*, we cannot find that Esparza's failure to sue Cook County sooner was a well-informed and deliberate decision. Rather, the delay is likely attributable to Esparza's misunderstanding regarding the relationship between Dart and Cook County; namely which party is liable for judgments arising out of Dart's actions. As we have stated, Esparza seeks to

8

join Cook County only to indemnify judgments against Dart in his official capacity. In Illinois, the sheriff's office does not have the authority to establish a budget or levy taxes and is instead financed by public funds appropriated by the county board. *Carver*, 203 Ill.2d at 516, 787 N.E.2d at 138 (citing 55 ILCS 5/4-6003; 55 ILCS 5/5-1106). Thus, the Illinois Supreme Court determined that the county is obligated to pay official capacity judgments entered against the sheriff. *Carver*, 203 Ill.2d at 516, 787 N.E.2d at 138. Furthermore, in *Carver v. Sheriff of LaSalle Cnty., Ill.*, the Seventh Circuit held that "[b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation" against the sheriff. 324 F.3d 947, 948 (7th Cir. 2003).

In response to Defendants' motion to dismiss Cook County, Esparza explains that it seeks to join Cook County to abide by the *Carver* decision. (Resp. at 3.) Even though Esparza undoubtedly knew that Cook County existed when he filed his original complaint, he apparently misunderstood which party would be responsible for the judgment against Dart. Particularly because the sheriff's office lacks funds to pay judgments against it, there is no other logical conclusion for the omission. *See Krupski*, 560 U.S. at 555–56, 130 S. Ct. at 2497–98 ("[R]espondent has articulated no strategy that it could reasonably have thought [plaintiff] was pursuing in suing a defendant that was legally unable to provide relief). Indeed, nothing in the record suggests that Esparza failed to name Cook County sooner because of anything other than a mistake.

In addition, we find that Cook County knew or should have known that, but for Esparza's mistake, Esparza would have named it as a defendant sooner. *Carver*, decided in 2003, was applied in countless cases against Dart and Cook County before Esparza filed his original complaint. *See, e.g.*, *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 637 (7th Cir. 2009)

9

(citing *Carver* and finding that the district court should have joined Cook County as a defendant in an action against the Sheriff instead of dismissing the case); *Riley v. Cnty. of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010); *Cooper v. Office of Sheriff of Will Cnty.*, 333 F. Supp. 2d 728, 736–37 (N.D. Ill. 2004). Thus, Cook County cannot reasonably argue that it was unaware of its obligation to indemnify Dart for actions taken in his official capacity or that the Seventh Circuit deems it a necessary party to those cases. As soon as Esparza named Dart as a defendant in his first amended complaint, Cook County should have known that Esparza also intended to sue it pursuant to *Carver*.

Finally, Defendants have not argued or explained how adding Cook County at this stage would be prejudicial. *See Mitter*, 2013 WL 5951810, at *5 (finding that an amended complaint adding the sheriff's office as a defendant related back to the original complaint in part because defendants failed to articulate any prejudice). To the contrary, we find that adding Cook County as a defendant will not cause prejudice since Cook County's presence will not change the scope of discovery or the merits of Esparza's claims. *See Brown*, 2012 WL 5304157, at *4 (finding no prejudice where the parties had not started discovery on the topics relevant to the new party and such discovery would be necessary regardless of whether the new defendant remained a party).

Our conclusion is consistent with the district court's holding in *Dandridge v. Cook Cnty.*, 12 C 5458, 2013 WL 3421834 (N.D. Ill. July 8, 2013), which addressed facts very similar to those here. In that case, the plaintiff filed a timely complaint against Dart alleging § 1983 violations. *Id.* at *1. After the statute of limitations period, the plaintiff filed an amended complaint adding Cook County as a defendant for the first time. *Id.* In permitting Cook County to remain a party, the court explained: "[t]o the extent that Cook County contends that the claims against it are time barred because only Sheriff Dart was named in the caption to the original

10

complaint (and not Cook County for indemnification purposes), Cook County's argument is not well taken. This is the exact scenario that the Supreme Court in *Krupski* sought to remedy." *Id.* at *10 n.5; *see also Askew*, 568 F.3d at 637 (finding that the district court should have joined Cook County in a § 1983 action against the sheriff, even after the § 1983 statute of limitations expired).

In sum, we find that even applying the § 1983 statute of limitations, Rule 15(c)(1) relation back applies to Esparza's indemnification claim against Cook County. As long as Esparza's claims against Dart remain pending, Cook County is a necessary party to this action and we will not dismiss it.

## II. Deliberate Indifference Claim Against Dart

Defendants argue that Esparza's complaint fails to state a claim against Dart for deliberate indifference under § 1983. (Mot. at 7–8.) The Fourteenth Amendment provides a pre-trial detainee with a cause of action for deliberate indifference to his medical needs. *Heard v. Sheahan*, 148 Fed. App'x 539, 540 (7th Cir. 2005) ("The Fourteenth Amendment, not the Eighth, protects a pre-trial detainee from denial of adequate medical care, but our analysis is practically identical to the Eighth Amendment standard of deliberate indifference."); *Hall v. Ryan*, 957 F.2d 402, 405 (7th Cir. 1992). "A finding of deliberate indifference requires a showing that the Sheriff was aware of a substantial risk of serious injury to Plaintiff but nevertheless failed to take appropriate steps to protect him from a known danger." *Frake v. City of Chi.*, 210 F.3d 779, 782 (7th Cir. 2000); *accord Henderson v. Ghosh*, 755 F.3d 559, 566 (7th Cir. 2014).

Defendants assert that admissions in Esparza's past *pro se* complaints preclude his claim for deliberate indifference against Dart, and they ask us to take judicial notice of those complaints. (Mot. at 7.) Specifically, Defendants argue that the inoperative complaints establish that Dart ensured Esparza received medical care by taking him to Stroger Hospital. (*Id.*)

11

Although the district court may, under some circumstances, consider earlier versions of pleadings as evidence of the facts therein, these pleadings are not judicial admissions that can be considered on a motion to dismiss. *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) ("When a party has amended a pleading, allegations and statements in earlier pleadings are not considered judicial admissions."); *Moriarty v. Larry G. Lewis Funeral Dirs. Ltd.*, 150 F.3d 773, 777–78 (7th Cir. 1998) (rejecting defendants' argument that the plaintiff pleaded himself out of court through allegations in superseded complaints); *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 719 (7th Cir. 1998). Indeed, the Seventh Circuit has explained that parties are "not bound by the factual allegations made in [] earlier pleading[s]." *188 LLC*, 300 F.3d at 736. "An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio." *Id.* (quoting *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955)). Since Esparza's earlier pleadings are not judicial admissions, and because we cannot weigh evidence on motion to dismiss, we will not consider them at this time.

Defendant also argues that even if a jury found Esparza did not receive proper medical treatment, Stroger Hospital would be liable instead of Dart. (Mot. at 7; Reply at 4–5.) This argument, however, once again requires us to rely on Esparza's earlier pleadings. In the operative amended complaint, Esparza does not allege that he was ever taken to Stroger Hospital. Instead, he simply claims that despite "numerous unsuccessful written requests for medical care" he "did not receive treatment to set the fracture in his hand." (Compl. ¶¶ 6–7.) These allegations place the alleged liability squarely on the sheriff's office. We already determined that we will not consider Esparza's earlier pleadings; therefore, Defendants' attempt to push liability to Stroger Hospital fails.

12

We also reject Defendants' contention that Esparza did not allege a sufficiently serious injury. (Mot. at 7–8.) To succeed on his claim that Dart acted with deliberate indifference to his medical needs, Esparza must show that he had an "objectively serious medical need." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Defendants point to Esparza's original complaint, which mistakenly stated that his hand is "not permanently deformed," to argue that Esparza's injury was not objectively serious. (Mot. at 7–8.) In his response, Esparza explained that his original complaint contained a typographical error, which he resolved in the amended complaint attached thereto. (Resp. at 1 n.1.) The now-operative complaint alleges that his hand suffered a fracture and is "now permanently deformed." (Compl. ¶¶ 5, 7.) The Seventh Circuit has recognized a broad range of medical conditions that qualify as a serious medical condition for deliberate indifference claims. *See King*, 680 F.3d at 1018 (explaining that "[m]edical conditions much less serious than seizures have satisfied the standard"); *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011) (noting that "a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit"). We find that a fracture and deformity certainly meet the standard.

Finally, in their reply motion, Defendants argue for the first time that Esparza fails to sufficiently state an "official policy [or] widespread practice," which is a necessary element of a § 1983 official capacity claim. (Reply at 2–3.) *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (quoting *Wagner v. Washington Cnty.*, 493 F.3d 833, 836 (7th Cir. 2007)); *Eckert v. City of Chi.*, 8 C 7397, 2009 WL 1409707, at *4 (N.D. Ill. May 20, 2009). Because Defendants did not raise this argument until its reply brief, we will not consider it. *Wigod v.*

*Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived."); *Padula v. Leimbach*, 656 F.3d 595, 605 (7th Cir. 2011); *United States v. Haynes*, 11 C 8483, 2012 WL 4490532, at *3 (N.D. Ill. Sept. 28, 2012); *Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l Inc.*, 616 F. Supp. 2d 805, 830 (N.D. Ill. 2009) ("[A] movant may [not] present new arguments in a reply brief simply because the non-movant added specificity to facts originally alleged in the pleadings.").

## CONCLUSION

For the above reasons, Defendants' motion to dismiss is denied. Cook County remains a defendant for indemnification purposes only, and Esparza may proceed with his substantive § 1983 claims against Dart. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
November 4, 2014