# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BULMARO ESPARZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 CV 1390 |
| v. ) | |
| ) | Hon. Marvin E. Aspen |
| THOMAS DART, Sheriff of Cook County, ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On January 19, 2016, we issued an Order granting the summary judgment motion brought by Defendants Cook County ("Cook County") and Thomas Dart ("Dart"), Sheriff of Cook County and denying partial summary judgment for Bulmaro Esparza ("Esparza"), Plaintiff. (Order (Dkt. No. 70) at 1.) Presently before us is a motion to alter or amend that Order pursuant to Federal Rule of Civil Procedure 59(e).

## BACKGROUND AND PROCEDURAL HISTORY

As the facts presented in this case are set forth in the previous Order, we need not repeat them here. (*See id*. at 1–6.) Briefly, Plaintiff brought this official capacity action based on the allegedly inadequate medical care he received while a pre-trial detainee at the Cook County Department of Corrections ("CCDOC").

At the summary judgment stage, Plaintiff argued that he was entitled to partial summary judgment under an "official policy" theory because the "undisputed evidence show[ed] a gap in expressed policies that was allowed to persist after . . . the Department of Justice informed [D]efendant" of problems with transmitting medical reports from offsite medical consultations to staff at the Jail. (*See* Pl. Mem. ISO MSJ at 4, Dkt. No. 55.) Defendants argued that they were

entitled to summary judgment because Plaintiff failed to present evidence of an express policy that was the proximate cause of Plaintiff's injury. (*See* Defs. Mem. ISO MSJ at 9, Dkt. No. 52.) We agreed with Defendants and granted their motion for summary judgment. (*See* Dkt. No. 70.) Twenty-eight days after the judgment was entered, Plaintiff timely filed this Rule 59(e) motion. Plaintiff asks us to amend the judgment on two grounds: (1) there was no briefing schedule for Defendants' motion for summary judgment, and (2) we applied the incorrect standard for *Monell* liability. (*See* Dkt. No. 72.) We address each of Plaintiff's assertions below.

## STANDARD OF REVIEW

In the Seventh Circuit, it is well-established that a motion under Rule 59(e) is:

> only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields,* 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). The court's power to reconsider its judgments "should be exercised only in the rarest of circumstances and where there is a compelling reason . . . ." *Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 782 (N.D. Ill. 2010) (citing *Solis v. Current Dev. Corp*., 557 F.3d 772, 780 (7th Cir. 2009)). When a party seeks reconsideration based on a misapprehension of the case law, it must show a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000); *Ammons v. Cook Cty., Ill*., No. 11 C 5010, 2012 WL 2368320, at *2 (N.D. Ill. June 20, 2012).

## I. The court did not set a briefing schedule for Defendants' motion for summary judgment.

Plaintiff first argues that he is entitled to an amended judgment because "the Court did not enter a briefing schedule for [D]efendants' motion for summary judgment." (*See* Dkt. No. 72 ¶ 6.) Further, Plaintiff alleges that "in the absence of a briefing schedule, [D]efendant[s'] motion for summary judgment was never at issue." (*Id.* ¶ 7.) Plaintiff cites no law in support of the proposition that a briefing schedule must be set by the court. Lastly, Plaintiff argues that because a briefing schedule was not set, he did not have an adequate opportunity to respond to the motion. (*See* Dkt. No. 72 ¶ 8 (citing *Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 111 (7th Cir. 1983) (reversing district court's summary judgment order where district court judge disregarded his own scheduling order and ruled on motion before plaintiff's deadline to respond)); *but see Gieringer v. Silverman*, 731 F.2d 1272, 1280 (7th Cir. 1984) (distinguishing *Indiana Port* and affirming grant of summary judgment where motion for summary judgment was pending for months, giving non-moving party ample opportunity to respond).)

In their opposition, Defendants assert that in the absence of a court ordered briefing schedule, local rules apply. (*See* Dkt. No. 75 (citing Fed. R. Civ. P. 56(b)).) According to our local rules, parties opposing a motion for summary judgment must serve and file a response. *See* L.R. 56.1(b) ("Each party opposing a motion filed pursuant to Fed. R. Civ. P. 56 *shall* serve and file" a response) (emphasis added). Defendants argue that according to local rules, Plaintiff was required to file his response after Defendants filed their motion for summary judgment. (*See* Dkt. No. 75 at 3.)

We agree with Defendants and find that Plaintiff failed to comply with the local rules and had ample opportunity to respond to Defendants' motion. Defendants filed and noticed their motion for summary judgment on October 22, 2015. (*See* Dkt. Nos. 50, 53.) According to our local rules, at this time, Plaintiff was required to respond to the motion for summary judgment. *See* L.R. 56.1(b). Plaintiff did not respond or ask for any particular briefing schedule. Nearly three months later, we ruled on Defendants' motion for summary judgment along with Plaintiff's motion[1] for partial summary judgment. (*See* Dkt. No. 70.)

**II. The court applied the wrong standard for Plaintiff's entity liability claim.**

Plaintiff additionally seeks review of our summary judgment ruling under a "misapprehension of the case law" theory. (*See* Dkt. No. 72.) Specifically, Plaintiff asserts that we erred by applying a "series of incidents" analysis instead of an "aware of the risk" analysis. (*See* Dkt. No. 72 ¶¶ 12–13.) In making this argument, Plaintiff compounds two separate elements of a *Monell* claim and incorrectly states the law. *See Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035–36 (1978).

As addressed in our summary judgment order, to succeed on a *Monell* claim, a plaintiff must show: (1) defendant has a policy or widespread practice that; (2) caused a constitutional violation (deliberate indifference to plaintiff's serious medical needs). *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). (*See* Dkt. No. 70 at 8.) To prove a municipal policy or widespread practice, the first element of a *Monell* analysis, a plaintiff must present "*a series of violations*," *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) (emphasis added), that

---

[1] We find it relevant to note that Plaintiff's and Defendants' motions for summary judgment considerably overlapped. (*See* Pl. Mem. ISO MSJ, Dkt. No. 55 (Plaintiff is entitled to summary judgment because the undisputed evidence shows an official custom or policy); *see also* Defs. Mem. ISO MSJ, Dkt. No. 52 (seeking summary judgment because Plaintiff failed to prove evidence of an express or implied policy).)

demonstrates that there is a policy at issue rather than a random event," *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). If a plaintiff presents sufficient evidence of a municipal policy, plaintiff then must prove that his constitutional rights were violated, in this case, that Defendants were deliberately indifferent to Plaintiff's serious medical needs. *King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012). A defendant is deliberately indifferent to a serious medical need if defendant "was subjectively *aware* of the prisoner's serious medical needs and disregarded an excessive risk." *Wynn v. Southward*, 252 F.3d 588, 593 (7th Cir. 2001) (emphasis added). Lastly, a plaintiff must show that the policy at work was a "moving force" behind the constitutional violation. *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). To support a *Monell* claim, then, a plaintiff must present evidence of both "a series of incidents" and proof of defendant's subjective "awareness of the risks." *King*, 680 F.3d at 1020; *Thomas*, 604 F.3d at 303; *Wynn*, 252 F.3d at 593.

In granting Defendants' motion for summary judgment, we concluded that Plaintiff failed to prove the threshold element of his *Monell* liability claim; the existence of a policy. (*See* Dkt. No. 70 at 10.) Because Plaintiff was unable to prove the existence of a Cook County policy, practice, custom or gap in policy, his claim failed. *Wynn*, 252 F.3d at 593.

In his Rule 59 motion, Plaintiff asserts that he is only required to show that policymakers were "aware of the risk created by the custom and practice" yet "failed to take appropriate steps to protect the plaintiff." (*See* Dkt. No. 72 ¶ 13 (citing *Thomas,* 604 F.3d at 303).) Plaintiff incorrectly suggests that when policymakers are put on notice of a risk, *Monell* liability automatically kicks in, regardless of proof of a policy. (*See* Dkt. No. 77 at 4 ("In the face of actual or constructive knowledge, as there was here, there is no basis to require multiple incidents of harm").) However, as the case Plaintiff cites makes clear, to succeed under a theory

of *Monell* liability, Plaintiff must prove *both* the existence of a policy and deliberate indifference. *Thomas*, 604 F.3d at 303 (finding that *after* plaintiff establishes a harmful custom or practice, "the plaintiff must show that County policymakers . . . were aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff") (emphasis added).

Finally, we find it necessary to address the evidentiary value of the Department of Justice investigation letter ("DOJ letter") referenced in Plaintiff's motion. (*See* Dkt. No. 77 at 3.) In his initial motion for partial summary judgment, Plaintiff informed that court that he was relying on the DOJ letter only for its non-hearsay notice purpose. (*See* Pl.'s Mem. ISO MSJ at 4.) Accordingly, in our opinion, we did not rely (and do not now rely) on the contents of the DOJ letter as proof of a Cook County policy. (*See* Dkt. No. 70 at 6, fn.4.) Despite his original assertion, in his Rule 59 motion, Plaintiff appears to rely on the DOJ letter to establish that the Jail had a policy of failing to transmit medical documents from off-site medical providers to the Jail. (*See* Dkt. No. 77 at 3 (arguing that the DOJ letter put Defendants "on notice of the need to correct their system of transmitting medical documents from Stroger back to the Jail").) The DOJ letter, though, when offered only for notice purposes, cannot be offered for its truth, that is, that the Jail actually had an impermissible policy of failing to transmit medical records.[2] Instead,

---

[2] Plaintiff asks us to consider *Dixon v. Cty. of Cook*, No. 13-3634 (7th Cir. 2016). In *Dixon,* the Seventh Circuit held that based on the record, "a reasonable jury could find that pervasive systemic deficiencies in the detention center's healthcare system were the moving force behind Dixon's injury." *Id*. at 8. In short, the court held that the plaintiff sufficiently presented evidence of "systemic deficiencies," i.e. a policy. *Id*. We assume Plaintiff relies on *Dixon* because in *Dixon*, the court cites the DOJ investigation letter as evidence of the Jail's "systemic deficiencies." *Id*. In *Dixon*, though, the court relied on the truth of the DOJ report (without addressing grounds for admissibility) along with additional testimony from Jail employees to establish a policy. *Id*. *Dixon* does not support the proposition that *notice* from the DOJ in and of itself establishes *Monell* liability. Instead, *Dixon* further illustrates the need for a plaintiff to present evidence of a municipal policy or gap in policy before proving deliberate indifference.

the letter only shows that the Sheriff was put on notice of possible problems with medical care at the Jail. *See Talley v. Dart*, No. 08 C 5485, 2012 WL 1899393, at *11, fn.* (N.D. Ill. May 24, 2012.)[3]

Plaintiff has not persuaded us that he is warranted relief under Rule 59(e). Plaintiff's argument that he did not have an opportunity to respond to Defendants' motion is misplaced; according to our local rules, Plaintiff was required to respond to Defendants' motion and chose not to. *See* L.R. 56.1(b). Nor are we persuaded by Plaintiff's argument that we applied the incorrect standard under *Monell*. In deciding the parties' motions for summary judgment, we consulted the relevant case law and concluded that to support a *Monell* claim a plaintiff must present sufficient evidence of a municipal policy, custom or practice. *Monell*, 436 U.S. at 690, 98 S. Ct. at 2035–36; *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009). Based on our review of the record, we found that Plaintiff failed to present a triable issue as to whether Defendants engaged in a widespread practice of failing to transmit medical records from offshore providers to the Jail. Plaintiff presented three incidents and we found that those three isolated incidents were insufficient to meet the policy prong of a *Monell* analysis. *Thomas*, 604 F.3d at 303; *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005); *Palmer,* 327 F.3d at 595.

---

[3] Plaintiff also cites *Byron v. Dart*, 825 F. Supp. 2d 958, 963–64 (N.D. Ill. 2011) to support the contention that notice from the DOJ establishes a *Monell* claim. However, in *Byron*, the court did not address plaintiff's *Monell* claims against the county, but instead, dismissed only claims against individual defendants. The court held that notice from the DOJ letter established "deliberate indifference on the part of each [individual] defendant]," not municipal liability or the existence of a policy. *Id*. at 963. Again, notice goes to whether defendants disregarded a known risk, not whether that constitutional violation was caused by a municipal policy or gap in policy.

## CONCLUSION

For the reasons discussed above, we deny Plaintiff's motion to amend the judgment. (Dkt. No. 72.) It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: May 3, 2016
Chicago, Illinois